UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION,
and WELFARE FUNDS,

                                      Plaintiffs,                            **ORDER**
     -against-                                                   13 CV 46 (DRH) (WDW)

TRINITY PHOENIX CORP.,

                                      Defendant.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

       Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension, and Welfare Funds ("plaintiffs" or the "Funds") commenced this action against Trinity Phoenix Corp ("defendant" or "Trinity") under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3), Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm and enforce an Arbitration Award. After Trinity's default was noted by the Clerk of Court pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), plaintiffs moved for entry of a default judgment under Rule 55(b). On February 22, 2013, this motion was referred to United States Magistrate Judge William D. Wall to issue a Report and Recommendation as to whether plaintiffs have demonstrated that the allegations in the Complaint establish the defendant's liability such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded.

On August 8, 2013, Judge Wall issued a Report and Recommendation which recommended that plaintiffs' motion for a default judgment be denied without prejudice to renewal on the filing of additional documentation.  While recognizing that the standard for confirming an arbitration award is relatively easy to meet, Judge Wall concluded that he was unable to find a basis for the damages granted by the arbitrator based on the submitted record.  More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the August 8, 2013 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result.  Accordingly, the August 8, 2013 is adopted, and plaintiffs' motion for a default judgment is denied without prejudice.  Plaintiffs may re-file their motion for a default judgment with the appropriate documentation needed to support the relief they seek on or before October 7, 2013.

**SO ORDERED.**

Dated: Central Islip, New York
       September 9, 2013

                                             /s/
                                        Denis R. Hurley
                                        Unites States District Judge